Clay *v*. Vanwinkle.

---

No. 7033.

CLAY *v*. VANWINKLE.

PARTNERSHIP.—*Husband and Wife.*—*Replevin.*—*Evidence.*—In an action by a wife against a constable to replevy goods levied upon as the property of the husband, on a judgment against him, the evidence showed that the husband had entered into a partnership business upon money furnished him by his wife, and that the debt for which the levy was made was created during the partnership; that the wife furnished no

money during the partnership; but, a short time before the levying of the execution, she had purchased the partner's interest, and that she had since purchased the goods levied on, with her own funds; that the husband had the entire control and management of the business after his wife's purchase of the partner's interest, and had an equal interest with his wife in the business.

*Held,* that the wife could not recover the goods as her individual property.

From the Lake Circuit Court.

*M. Wood* and *T. J. Wood,* for appellant.
*J. W. Youche* and *A. L. Jones,* for appellee.

FRANKLIN, C.—Appellant brought a suit in replevin for personal goods that had been levied upon by appellee, as constable, as the property of John H. Clay, her husband, upon an execution issued upon a judgment rendered against the husband and others. Trial by jury, verdict for defendant, motion for a new trial overruled, and judgment for defendant.

The only error assigned is the overruling of the motion for a new trial, and that was based upon the reason that the verdict was not supported by sufficient evidence.

The evidence shows that a short time before the judgment was rendered upon which said execution was issued, appellant's husband and one Eli Wanders formed a partnership in the grocery store business; that she had given to her husband, to do business on, about $975; that this debt of $100, for which the levy was made, was created during said partnership; that she let her husband have no money during the partnership; that she, a short time before the levying of the execution, had bought Wanders out, and that she had since purchased the goods levied upon, with her own funds. The testimony showed that her husband had the entire control and management of the business after the close of the partnership with Wanders, and had an equal interest therein with his wife.

We think the appellant had no right to replevy the goods as her individual property, and that the evidence in the case supported the verdict of the jury.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment below be, and it is hereby, in all things affirmed, at appellant's costs.